BENJAMIN A. STORY, plaintiff in error, *vs.* SARAH KEMP *et al.,* defendants in error.

If a garnishee, by his answer, plead a set-off against all the plaintiffs, and he admit to the court at the trial, without amending his answer, that his set-off is against some of the plaintiffs only, his set-off will not be allowed.   In such case, it cannot be said that the garnishee has plainly, fully and distinctly set forth his defense, and while the rules of pleading have, in this state, been much relaxed, it is still necessary that the allegations and proof shall substantially correspond.

Garnishment.   Set-off.   Before Judge JAMES JOHNSON. Marion Superior Court.   April Term, 1875.

Reported in the opinion.

BLANDFORD & GARRARD, for plaintiff in error.

E. N. MILLER; E. M. BUTT; LITTLE & CRAWFORD; PEABODY & BRANNON, for defendants.

BLECKLEY, Judge.

There was a judgment for a gross sum in favor of numerous heirs-at-law against the administrator.   Upon it a garnishment issued, addressed to Strong, the plaintiff in error. In his answer, the garnishee admitted a certain indebtedness from himself to the administrator, and sought to protect him-

self by alleging a demand in his own favor against the plaintiffs, which demand he offered to set-off in this proceeding. At the hearing, his counsel admitted that the set-off was, in fact, against some only of the plaintiffs, and not against them all. The answer, which was left as it was, without amendment or any offer to amend, represented it to be against all. The court ruled that the set-off could not be allowed. The want of correspondence between the set-off alleged in the answer and that which actually existed, constitutes a sufficient reason for the decision made by the court, whatever may have been the reason present to the judge's mind. There is still rule enough in Georgia pleading to require that there shall be substantial conformity of the allegations to the facts, and of the facts to the allegations.

Passing over the difficulties which would have arisen out of the want of strict mutuality between the plaintiffs' demand and the garnishee's set-off, if the set-off had been rightly described in the answer, we affirm the judgment on the ground above indicated.

Judgment affirmed.